**NOT FOR PUBLICATION**

# FILED



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIGUEL ANGEL URRUTIA-CASTILLO, | Nos. 15-71023 |
| | 16-72521 |
| Petitioner, | Agency No. A206-500-000 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 8, 2018**
Pasadena, California

Before: FISHER and CHRISTEN, Circuit Judges, and SHEA,*** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Edward F. Shea, United States District Judge for the Eastern District of Washington, sitting by designation.

Miguel Angel Urrutia-Castillo (Urrutia), a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' (BIA) order denying his claims for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). He also petitions for review of the BIA's order denying his motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We deny in part and dismiss in part the petitions for review.[1]

1. The BIA did not err in denying Urrutia's claims for asylum and withholding of removal. Urrutia suggests in his petition for review that the Mara Salvatrucha (MS) gang persecuted him on account of his familial ties to his cousins. But his testimony does not support, much less dictate, the conclusion that he was targeted because of his cousins' defiance of the gang. Substantial evidence therefore supports the BIA's conclusion that the evidence in this case did not establish a nexus between the hardships Urrutia suffered and a protected ground.

2. The BIA also did not err in denying Urrutia CAT relief. Urrutia argues that the authorities were aware and wilfully blind to the torture he suffered because they failed to prevent his kidnapping and battery by the gang after he had reported verbal threats to the police. *See Vitug v. Holder*, 723 F.3d 1056, 1066 (9th Cir. 2013). But "a general ineffectiveness on the government's part to investigate and

---

[1] As the parties are familiar with the facts, we do not recount them here.

prevent crime [does] not suffice to show acquiescence." *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016). "Instead, there must be evidence that the police are *unable or unwilling* to oppose the crime." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014) (emphasis added). The police's failure to stop the MS gang from following through on their threats to Urrutia does not compel a finding of "awareness and wilful blindness." *Vitug*, 723 F.3d at 1066.

Moreover, Urrutia did not inform the police about the subsequent beating he suffered at the hands of the gang. "[T]he absence of a report to police . . . leaves a gap in proof about how the government would respond, which the petitioner may attempt to fill by other methods." *Afriye v. Holder*, 613 F.3d 924, 931 (9th Cir. 2010) (internal quotation marks omitted). Further, the newspaper articles and human rights reports submitted by Urrutia do not "compel a finding that the police acquiesced, or would acquiesce in the future, to gang members' criminal activities." *Garcia-Milian*, 755 F.3d at 1035.

3. The BIA did not abuse its discretion in denying Urrutia's motion to reopen. Urrutia concedes that he did not file his motion to reopen "within [ninety] days of the date of the entry of a final administrative order of removal" as required under 28 U.S.C. § 1229a(c)(7)(C)(i). He contends, however, that he is entitled to equitable tolling because he had no knowledge of previous counsel's

3

ineffectiveness until he consulted present counsel on December 29, 2015. But Urrutia did not file his motion to reopen until May 13, 2016, more than four months later. This delay, occasioned by Urrutia's financial difficulties, is not attributable to "deception, fraud, or error." *Avagyan*, 646 F.3d at 678 (9th Cir. 2011). It was therefore in the BIA's discretion to deny Urrutia's motion to reopen as untimely.

4. Finally, Urrutia urges that the BIA should have reopened his case sua sponte. "[A] decision not to reopen sua sponte[is] one that [is] committed to agency discretion by law and, therefore, unreviewable." *Mejia- Hernandez v. Holder*, 633 F.3d 818, 823–24 (9th Cir. 2011). However, "this court has jurisdiction to review Board decisions denying sua sponte reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error." *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016).

The BIA concluded that the circumstances presented here were not so exceptional as to merit *sua sponte* reopening. This conclusion is not susceptible to judicial review. Though the courts of appeals have vacated denials of sua sponte reopening where the BIA operated under a mistaken legal premise, Urrutia has not raised a colorable claim that the BIA committed legal or constitutional error so as to invoke our jurisdiction. *See Bonilla*, 840 F.3d

4

at 591 (BIA committed legal error because it misunderstood "its authority to grant [petitioner] relief if reopening [were] granted"); *Pllumi v. Attorney General*, 642 F.3d 155, 162 (3d Cir. 2011) (BIA committed legal error because it "misapprehended the breadth of its own authority").

**PETITIONS DENIED in part; DISMISSED in part.**